IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: JAMES K. EATON, SR., DEBTOR | ) BANKRUPTCY COURT NO. 3-10-9709 ) ) |
| JAMES K. EATON, SR. | ) ) |
| v. | ) DISTRICT COURT NO. 3-12-0626 ) JUDGE CAMPBELL |
| CITIZENS TRI-COUNTY BANK | ) ) ) |

MEMORANDUM

Pending before the Court is an appeal of the Bankruptcy Court's Order Approving Compromise and Settlement (Docket No. 1-21), dated May 7, 2012. Also pending is Appellant's Motion to Stay Appeal or in the Alternative Remand to the Bankruptcy Court and Motion to Supplement the Record (Docket No. 7).

For the reasons stated herein, the Order of the Bankruptcy Court is AFFIRMED. The Appellant's Motion to Stay Appeal or Remand and Motion to Supplement the Record (Docket No. 7) is DENIED.

STANDARD OF REVIEW

The Court has jurisdiction to hear appeals of final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). On appeal from a Bankruptcy Court, a district court applies the clearly erroneous standard of review to findings of fact and reviews questions of law *de novo*. Bankruptcy Rule 8013; *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004); *Messick v. Ascend Federal Credit Union*, 424 B.R. 344, 345 (E.D. Tenn. 2010). The bankruptcy court's approval of a settlement agreement is reviewed for an abuse of discretion. *In re MQVP, Inc.*, 2012 WL 1233019 at ** 2 (6th

Cir. April 13, 2012). Bankruptcy courts and district courts in this jurisdiction generally accord some deference to the trustee's decision to settle a claim. *Id*. at ** 3.

ISSUE ON APPEAL

Whether the Bankruptcy Court abused its discretion in approving, pursuant to Fed. R. Bankr. Proc. 9019, a compromise and settlement between the Chapter 7 Trustee (on behalf of Appellant, the Debtor) and Citizens Tri-County Bank.

DISCUSSION

Appellant Eaton filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on September 20, 2010. The case was converted to one under Chapter 7 of the U.S. Bankruptcy Code, and a Trustee was appointed. Appellee Citizens Tri-County Bank filed an Adversary Complaint seeking an exception from discharge for an alleged debt owed by Appellant to Appellee. Appellant filed an Answer and Counterclaim to Appellee's Adversary Complaint.

On January 23, 2012, the Trustee and Citizens Tri-County Bank filed a Joint Motion for Approval of Compromise and Settlement, pursuant to Fed. R. Bankr. P. 9019. Following a hearing on May 1, 2012, the Bankruptcy Court entered an Order Approving Compromise and Settlement (Docket No. 1-21) in which the Court granted the Joint Motion, approved the Settlement Agreement between the parties (including its provisions concerning foreclosure and division of proceeds from collateral), granted the pending Motion for Relief from Stay, and held: "The Counterclaim is DISMISSED with prejudice and any other claim that the estate may have against Citizens is hereby released and extinguished." Docket No. 1-21, p. 2.

Appellant argues that the Bankruptcy Court's Order should be reversed (or the appeal should be stayed or the case should be remanded to the Bankruptcy Court) because it does not address

Appellant's decision to claim an exemption in his Counterclaim and because Appellee's Motion to Dismiss the Counterclaim in the Adversary Proceeding was reserved by the Bankruptcy Court. *See* Docket No. 29 in the adversary proceeding.

Appellant's first argument is moot because, since the filing of this appeal, the Bankruptcy Court sustained the objection to Appellant's attempt to amend his Schedule C exemptions to add the Counterclaim. Docket No. 234, Case 3-10-bk-9709, Bankruptcy Court.

As for the Counterclaim, as noted above, the Bankruptcy Court Order from which Appellant appeals specifically dismissed the Counterclaim (Docket No. 1-21). Any Orders from the Adversary Proceeding, Case 3-11-ap-0411, Bankruptcy Court, are not yet final and are not before the Court on this appeal. This appeal is not from the adversary proceeding.

A trustee in bankruptcy has the authority to seek a settlement of claims available to the debtor, but any proposed settlement is subject to the approval of the bankruptcy court, which enjoys "significant discretion." *In re MQVP, Inc.*, 2012 WL 1233019 at \*\* 2 . The very purpose of such a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. *Id*. "All potential claims of the Debtor against Citizens, including but not limited to the Counterclaim, are property of the estate in the Bankruptcy Case and, therefore, under control of Trustee." Docket No. 1-21, p. 4.

The bankruptcy court may not rubber stamp the agreement or merely rely upon the trustee's word that the settlement is reasonable. Rather, it is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable. *In re MQVP* at \*\* 3. Factors to be considered include the probabilities of ultimate success should the claim be litigated; an estimate of the complexity, expense and likely

duration of such litigation; the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *In re MQVP* at ** 3 (citing *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 88 S.Ct. 1157, 1163 (1968).

The Court has reviewed both the Order and the transcript from the hearing on the Joint Motion for Approval of Compromise and Settlement and finds that the Bankruptcy Court properly considered the relevant factors and applied the applicable law. The Court finds that the Bankruptcy Court's findings as to the Compromise and Settlement are supported by the record and do not constitute an abuse of discretion. Therefore, the Order Approving Compromise and Settlement is AFFIRMED.

Appellant's Motion to Stay Appeal or in the Alternative Remand to the Bankruptcy Court and Motion to Supplement the Record (Docket No. 7) is DENIED for the reasons stated above.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE